

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# USA v. Reyes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3929

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Reyes" (2008). *2008 Decisions.* Paper 1373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3929

UNITED STATES OF AMERICA

v.

EFRAIN REYES,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(05-cr-00534)
District Judge: James Knoll Gardner

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2008

Before: MCKEE, AMBRO and ALDISERT, *Circuit Judges*

(Opinion Filed:  March 28, 2008)

OPINION

McKEE, *Circuit Judge*

Efrain Reyes appeals his conviction for violating 21 U.S.C. § 841(a)(1)(A) and 18

U.S.C. § 2.  For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties, we need not detail the factual or

procedural history.

Reyes argues that the district court erred in admitting evidence of uncharged sales

of heroin in violation of Fed. R. Evid. 404(b).  The district court thoroughly explained why the evidence was admissible in the Order dated January 19, 2006.  App. 5a.  We reject the defendant's Rule 404(b) challenge substantially for the reasons explained in Judge Gardner's thorough and thoughtful explanation.

As Judge Gardner observed, Rule 404(b) does not apply because the evidence of the prior heroin sales "constituted direct proof of the charged offense. . . ."  As Judge Gardner also explains, even if Rule 404(b) did apply, the evidence would "nonetheless be admissible . . . under any of the Rule 404(b) exceptions. . . ."  *Id*. at 3a.

Moreover, after the evidence of other sales was admitted, the court gave a cautionary instruction explaining the limited use of that testimony.  That charge was more than adequate to guard against any improper use of the evidence, and Reyes does not argue to the contrary.

We also note that Reyes has submitted a *pro se* brief in which he claims that trial counsel was ineffective.  Pursuant to LAR 31.3, we do not consider *pro se* briefs except in situations governed by *Anders v. California*, 386 U.S. 738 (1967).  Moreover, as the government correctly notes, even if we were to accept the defendant's brief, we would not address Reyes' claim of ineffective assistance of counsel because such claims are not generally considered on direct appeal.  *See United States v. Rieger*, 942 F.2d 230, 235 (3d Cir. 1991).  Since the prosecutorial misconduct, the reasonableness of the sentence, and the trial court's purported bias are raised only in Reyes' *pro se* brief, we need not

2

address those issues.

For the reasons set forth above, the Order dated August 24, 2006, denying Reyes a new trial is hereby affirmed.